# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**Case No.: _____**

| | |
|---|---|
| ARTIFICIAL INTELLIGENCE IMAGING ASSOCIATION, INC., | |
| Plaintiff, | |
| v. | |
| SKLYUM SOFTWARE USA, INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff Artificial Intelligence Imaging Association, Inc. ("AIIA" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant Skylum Software USA, Inc. ("Skylum" or "Defendant") and alleges as follows:

## INTRODUCTION

1.      This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271(a)-(c). Without Plaintiff's authorization or license, Defendant is promoting, using, selling, and offering to sell its software products, including Luminar Neo and Luminar AI (the "Products"), to over 1 million customers, a portion of which are within this District, through various Internet-based e-commerce stores and a fully interactive commercial Internet website. Additionally, Defendant is inducing infringement by actively promoting and instructing its customers to use these products in an infringing manner, with specific intent to

encourage infringement, as demonstrated through its detailed technical documentation, tutorials, and customer support services available on www.skylum.com that explicitly teach infringing image and video enhancement methods. Defendant contributes to infringement by selling these software products, which constitute material components of the patented inventions, knowing them to be especially made for use in infringement of the Asserted Patents, having no substantial non-infringing use, and constituting material parts of the inventions. Such infringements are both deliberate and willful.

2.      Plaintiff has spent significant amounts of resources in connection with obtaining its patents as well as enforcement efforts, including legal fees and investigative fees to battle the harm caused by Defendant's infringement actions Further, Plaintiff seeks damages, including lost profits, reasonable royalties, and enhanced damages under 35 U.S.C. § 284 for Defendant's willful and egregious infringement, and injunctive relief for Defendant's infringement of three U.S. patents: U.S. Patent No. 9,185,388 (the "'388 Patent"), U.S. Patent No. 8,441,520 (the "'520 Patent"), and U.S. Patent No. 8,965,121 (the "'121 Patent") (collectively, the "Asserted Patents"). Prior to filing this complaint, AIIA sent Defendant a formal demand letter identifying the Asserted Patents and asserting that Defendant's software products infringe on one or more of their claims. Despite this notice and AIIA's offer to license the patents, Defendant has continued to promote and, upon information and belief, expanded sales of the accused products in New York.

3.    Plaintiff seeks preliminary and permanent injunctive relief because: (1) AIIA will suffer irreparable harm without an injunction, as Defendant's continued infringement directly competes with AIIA's offerings in the AI imaging market, causing injuries that are difficult to quantify and cannot be remedied through monetary damages alone; (2) remedies available at law, including monetary damages, are inadequate to fully compensate for the long-term competitive injury to AIIA; (3) considering the balance of hardships between the parties, equitable relief is appropriate because Defendant, upon information and belief, could modify or suspend use of the accused technology, whereas AIIA risks sustained loss of its competitive foothold; and (4) the public interest favors enforcement of patent rights and preserving fair competition, particularly where alternative technologies exist in the market. Plaintiff therefore seeks temporary and permanent injunctions enjoining Defendant from further infringing conduct, including making, using, selling, and offering to sell the accused software and services in the United States.

## THE PARTIES

4.    Plaintiff AIIA is a Florida corporation with a principal place of business at 8875 Hidden River Parkway, Tampa, Florida 33637. AIIA is the assignee and current owner of all rights, title, and interest in the Asserted Patents, including the right to enforce the patents and pursue remedies for infringement. Upon information and belief, the assignments have been recorded with the U.S. Patent and Trademark Office.

5.     Defendant Skylum Software USA, Inc. is a Nevada Corporation with a principal place of business at 142 W. 57th Street, New York, New York 10019. Upon information and belief, Defendant conducts substantial business in New York by marketing and selling its Products to customers in New York *via* its website, www.skylum.com. Defendant serves over 1 million customers globally, including major entities with significant operations in New York.

## **JURISDICTION AND VENUE**

6.     This action by Plaintiff is for damages and injunctive relief from patent infringement by Defendant, and arises under the United States Patent Laws, particularly 35 U.S.C. §271 *et seq.*

7.     This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).

8.     On information and belief, this Court has personal jurisdiction over Defendant consistent with the principles of due process and pursuant to New York's long-arm statute, NY CPLR § 302.  Defendant purposefully directs their sales of goods, utilizing Plaintiff's patents, to New York residents by operating stores through online Platforms that offer shipping within the United States, including New York and this District. Defendant infringes Plaintiff's patents by promoting, offering for sale, selling, and/or distributing products violating Plaintiff's patents through Internet-based e-commerce stores and a fully interactive commercial Internet website. Plaintiff's claims arise from these activities. Further, Defendant serves

customers with substantial operations in New York and has, upon information and belief, provided post-sale services such as technical support, software updates, or customer assistance within New York. These acts constitute purposeful availment of the New York market. Defendant has committed and continues to commit acts of patent infringement and/or contributes to and induces acts of patent infringement by others within the State of New York and this District and should reasonably anticipate being sued in this District. The exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.

9.    Defendant's contacts with New York satisfy both prongs of New York's personal jurisdiction analysis. First, the requirements of NY CPLR § 302 are met through Defendant's business activities in New York, including marketing and selling its software products to New York customers and offering associated technical support services to businesses headquartered in New York. Second, these activities constitute sufficient minimum contacts to satisfy due process, as Defendant has purposefully availed itself of the privilege of conducting business in New York through repeated and targeted interactions with the New York market. The exercise of jurisdiction is reasonable because Defendant has deliberately marketed and sold its products to New York-based customers and continues to provide services supporting those sales. These activities demonstrate that Defendant purposefully reached out beyond its home jurisdiction to conduct business in New York, which gave rise to the patent claims at issue.

10. Defendant has committed and continues to commit acts of infringement, directly and/or indirectly, within this District and the State of New York by, *inter alia,* making, using, selling, offering for sale, importing, advertising, and/or promoting products in this District that infringe one or more claims of the asserted patents and/or inducing others to commit such acts in this District.

11. On information and belief, Defendant owns, operates, and maintains a website that facilitates the offer for sale, sale, and/or use of the accused infringing product (www.skylum.com), which is accessible by residents within this District and the State of New York.

12. Plaintiff's patent infringement claim arises directly from Defendant's business contacts and activities in the state of New York and within this District.

13. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this district, including selling and offering for sale the accused software products to New York customers, including those with operations in this district. Plaintiff believes that sales and support activities related to Defendant's software have occurred within this district. However, to establish a venue based on a "regular and established place of business," more specific factual development may be required. Plaintiff reserves the right to amend this Complaint following jurisdictional discovery to identify Defendant's physical locations, employees, and business operations in this district that constitute a regular and established place of business under 28 U.S.C. § 1400(b).

## THE PATENTS

14.    Plaintiff is the owner of the entire right, title, and interest in and to, including the right to sue and collect damages for past infringement of, U.S. Patent No. 9,185,388 ("the '388 patent"), titled "Methods, Systems, and Computer Program Products for Creating Three-Dimensional Video Sequences," which was duly and legally issued by the United States Patent and Trademark Office on November 10, 2015 in the name of the inventors, Michael McNamer, Tassos Markas. A true and correct copy of the '388 Patent is attached as **Exhibit A**.

15.    The '388 Patent claims methods, systems, and computer program products for creating three-dimensional video sequences from two-dimensional video sequences. Claim 1, for example, includes steps such as receiving a two-dimensional video sequence, selecting a target frame, selecting first and second subsets of frames (N and n, respectively) with different stereo displacements, extracting depth data for static and moving objects, and generating a three-dimensional video frame based on the depth data.

16.    Plaintiff is the owner of the entire right, title, and interest in and to, including the right to sue and collect damages for past infringement of, U.S. Patent No. 8,441,520 ("the '520 patent"), titled ""*Primary and Auxiliary Image Capture Devices for Image Processing and Related Methods*," which was duly and legally issued by the United States Patent and Trademark Office on May 14, 2013 in the name of the inventors, Marshall Robers, Michael McNamer, Jason Paul Hurst, and Tassos Markas. A true and correct copy of the '520 Patent is attached as **Exhibit B**.

17.    Plaintiff is the owner of the entire right, title, and interest in and to, including the right to sue and collect damages for past infringement of, U.S. Patent No. 8,965,121 ("the '121 patent"), titled "Image Color Matching and Equalization Devices and Related Methods," which was duly and legally issued by the United States Patent and Trademark Office on February 24, 2015 in the name of the inventors, Michael McNamer. A true and correct copy of the '121 Patent is attached as **Exhibit C**.

18.    The '121 Patent claims methods and devices for image color matching and equalization. Claim 1, for example, includes steps such as determining overlapping portions of a scene within first and second images, generating an array of color channel differences, applying a quantization technique to create a sparse difference color matrix, filling empty locations with interpolated values, and modifying pixel color via an inverse look-up in the sparse table.

## DEFENDANT'S DIRECT, INDUCED, AND CONTRIBUTORY INFRINGEMENT

20.    Skylum offers photo enhancement software, including the Products and related plugins, that perform automated image alignment, multi-frame enhancement, depth mapping, and color equalizations. All of these functionalities are also claimed in the Asserted Patents.

21.    For example, *Luminar Neo's* "HDR Merge," "Focus Stacking," and "Relight AI" features use multiple source images, image registration, pixel-level

analysis, and image transformation techniques to enhance dynamic range and simulate lighting effects based on depth, as claimed in the '520 and '388 Patents.

22.     Skylum's color correction and matching features in *Luminar AI* implement functionality that matches and equalizes color tones between multiple shots, consistent with the methods described in the '121 Patent.

23.     Skylum has infringed and continues to infringe one or more claims of the '520 Patent, including at least claim 1, under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, selling, and/or offering to sell products that perform multi-image processing using primary and auxiliary image capture analogs.

24.     Skylum has infringed and continues to infringe one or more claims of the '388 Patent, including at least claim 1, by offering software that enables creation of 3D video or depth-based visual enhancements using depth estimation derived from stereo pairs and interpolated multi-frame depth calculations.

25.     Skylum's "Relight AI" and similar tools automatically create depth-aware lighting changes using frames with varying baselines, substantially practicing the methods claimed in the '388 Patent.

26.     Defendant directly infringes under 35 U.S.C. § 271(a) by making, using, selling, or importing the accused software in the U.S. Based on technical documentation and publicly available information, Defendant exercises direct control over and performs each step of the claimed methods through its development, testing, and deployment of the accused software, including the infringing features.

27.    On information and belief, Defendant actively induces infringement under 35 U.S.C. § 271(b) by specifically encouraging and providing detailed instructions to customers, including those in the United States, to use its software in a manner that directly infringes the Asserted Patents. Defendant provides tutorials, user guides, and other implementation resources on its website that facilitate the use of the infringing features. Defendant had actual knowledge of the Asserted Patents at least as of the date it received AIIA's demand letter. Despite this, Defendant continued to promote and support the use of its software in a manner that practices the claimed methods.

28.    On information and belief, Defendant contributes to infringement under 35 U.S.C. § 271(c) by offering and providing modules within its software that implement each element of the claimed methods. These modules are exclusively designed and marketed for the infringing functionalities, with no substantial non-infringing use, as they are integral to the software's workflows. Additional confirmation of these features may be found through discovery, including software specifications and internal architecture documents. Based on Defendant's widespread deployment and licensing of its software to customers across the United States, AIIA has suffered significant monetary damages from Defendant's infringement. AIIA seeks damages of at least $100 million for Defendant's infringement, including lost profits and reasonable royalties, pursuant to 35 U.S.C. § 284.

## INJUNCTIVE RELIEF

29.    AIIA will suffer irreparable harm absent injunctive relief as a result of Defendant's ongoing infringement. AIIA and Defendant compete in the same field of 3D imaging, particularly in developing and offering software solutions for photo and video enhancement. AIIA has invested millions of dollars in researching, developing, and patenting its technologies, which represent the foundation of its competitive position and commercial offerings in the imaging market. Defendant's unauthorized use of the patented methods threatens to erode AIIA's market share, reduce licensing opportunities, and diminish the value of its intellectual property, causing harm that cannot be fully remedied through monetary damages alone.

30.    Defendant's unauthorized use of AIIA's patented technologies has directly caused quantifiable harm to AIIA, including documented erosion of market position, systematic pricing pressure, and significant loss of competitive advantage in the imaging sector. On information and belief, some customers have chosen Defendant's offerings due in part to their infringing features. These developments have contributed to reputational harm and impaired AIIA's ability to command premium pricing based on its innovation. As a result, AIIA's ability to maintain its market position has been materially and irreparably harmed. Monetary damages alone are insufficient to address these cumulative harms.

31.    AIIA is informed and believes, and on that basis alleges, that Defendant knew or should have known that its software was especially made or adapted to facilitate infringement of the Asserted Patents, as evidenced by: (1) specific product

documentation describing features that implement the claimed methods, (2) promotional materials demonstrating the software's specialized capabilities, and (3) technical specifications showing the modules' dedicated purposes for imaging enhancement. These materials suggest that the software was designed to achieve results aligned with the patented processes and, based on current information, lacks substantial non-infringing uses.

32.    AIIA will suffer irreparable harm absent an injunction because Defendant's infringement directly causes AIIA to lose market share, customer relationships, and licensing opportunities in the imaging market. First, regarding irreparable harm, Defendant's unauthorized use of AIIA's patented technologies enables direct competition for the same customers, resulting in the loss of not only immediate sales but also long-term relationships and follow-on business. The specialized nature of imaging implementations means these relationships, once lost, are extremely difficult to recover due to high switching costs and multi-year integration commitments. Second, monetary damages are inadequate because the harm extends beyond just lost sales to include price erosion, reputational damage, and lost market momentum in a rapidly evolving field. Third, the balance of hardships strongly favors AIIA because Defendant can implement non-infringing alternatives while AIIA faces permanent market displacement and damage to its innovation-based business model. Fourth, the public interest supports an injunction because protecting valid patent rights in imaging technology encourages continued investment in innovation that ultimately benefits consumers.

33.    Defendant's alleged infringement is willful and egregious. On information and belief, Defendant had pre-suit knowledge of the Asserted Patents based on publicly available indicators of its industry monitoring, such as participation in imaging technology forums and review of competitor offerings. Despite this knowledge, Defendant continued marketing and deploying features that align with the patented technologies, without seeking a license or altering its software. Its post-filing conduct—including the continued promotion and use of the accused features—demonstrates deliberate disregard for AIIA's patent rights. Such behavior supports a finding of willfulness and may justify enhanced damages.

34.    AIIA has sustained significant and irreparable economic harm from Defendant's infringing activities that cannot be adequately compensated by monetary damages alone. Based on AIIA's internal licensing efforts and understanding of procurement outcomes, customers such as KPF and Turner Construction, with operations in New York, have selected Defendant's competing products. Upon information and belief, procurement decision-makers cited the infringing features as key selection factors. These lost opportunities represent not just monetary losses, but lasting harm to AIIA's competitive position, client relationships, and role in shaping innovation standards within the imaging field. In this relationship-driven market, lost customer engagements significantly impact long-term business development and reputation.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 9,185,388

35.    The allegations of each preceding paragraph are incorporated herein by reference as if fully restated herein.

36.    Pursuant to 35 U.S.C. § 282, the '388 patent is presumed valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

37.    Defendant has had knowledge of Plaintiff's assertion of infringement of the '388 patent since the date it received AIIA's demand letter.

38.    Defendant has infringed and continues to infringe at least Claim 1 of the '388 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale the Products.

39.    Defendant induces infringement under 35 U.S.C. § 271(b) by encouraging customers to use Defendant Video AI in an infringing manner through tutorials and documentation. Defendant contributes to infringement under 35 U.S.C. § 271(c) by providing modules within the Products that are specifically designed for the infringing method with no substantial non-infringing use.

40.    Plaintiff's patent registrations are valid, in full force and effect, unrevoked and uncanceled.

41.    As alleged above, these infringing articles have not been authorized in any manner by Plaintiff, nor has Defendant ever been authorized or otherwise

granted the right to use, offer for sale, sell, or distribute software for photo and video enhancement according to the '388 Patent.

42.    On information and belief, Defendant's actions relating to the development, offer for sale, and sale of the accused infringing product were done by and for the benefit of Defendant.

43.    As a result of its infringement of the '388 patent, Defendant has damaged and continues to damage Plaintiff. Defendant has derived and received gains, profits, and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged.  Defendant is liable to Plaintiff in an amount to be determined at trial that adequately compensates Plaintiff for Defendant's infringement of the '388 patent, which by law can be no less than a reasonable royalty.

44.    Plaintiff seeks a judgment that Defendant directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '388 patent by the development, offer for sale, and sale of the accused infringing product in the United States.

45.    Upon information and belief, Defendant has continued its infringement despite notice and offers to license, making such infringement willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to attorney's fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

46. The harm to Plaintiff resulting from Defendant's infringing acts is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

**COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 8,441,520**

47. The allegations of each preceding paragraph are incorporated herein by reference as if fully restated herein.

48. Pursuant to 35 U.S.C. § 282, the '520 patent is presumed valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

49. Defendant has had knowledge of Plaintiff's assertion of infringement of the '580 patent since the date it received AIIA's demand letter.

50. Defendant has infringed and continues to infringe at least Claim 1 of the '520 Patent by making, using, selling, and/or offering to sell products that perform multi-image processing using primary and auxiliary image capture analogs. Defendant induces and contributes to infringement as described above.

51. Plaintiff's patent registrations are valid, in full force and effect, unrevoked and uncanceled.

52. As alleged above, these infringing articles have not been authorized in any manner by Plaintiff, nor has Defendant ever been authorized or otherwise granted the right to use, offer for sale, sell, or distribute software for photo and video enhancement according to the '520 Patent.

53.    On information and belief, Defendant's actions relating to the development, offer for sale, and sale of the accused infringing product were done by and for the benefit of Defendant.

54.    As a result of its infringement of the '520 Patent, Defendant has damaged and continues to damage Plaintiff. Defendant has derived and received gains, profits, and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged.  Defendant is liable to Plaintiff in an amount to be determined at trial that adequately compensates Plaintiff for Defendant's infringement of the '520 Patent, which by law can be no less than a reasonable royalty.

55.    Plaintiff seeks a judgment that Defendant directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '520 Patent by the development, offer for sale, and sale of the accused infringing product in the United States.

56.    Upon information and belief, Defendant has continued its infringement despite notice and offers to license, making such infringement willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to attorney's fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

57.    The harm to Plaintiff resulting from Defendant's infringing acts is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

## COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 8,965,121

58.    The allegations of each preceding paragraph are incorporated herein by reference as if fully restated herein.

59.    Pursuant to 35 U.S.C. § 282, the '121 patent is presumed valid and enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

60.    Defendant has had knowledge of Plaintiff's assertion of infringement of the '121 patent since the date it received AIIA's demand letter.

63.    Defendant has infringed and continues to infringe at least Claim 1 of the '121 Patent, including at least Claim 1, by offering software that performs image color matching and equalization using overlapping image segments and applying quantization to construct sparse difference matrices.

64.     Defendant induces and contributes to infringement as described above.

64.    Plaintiff's patent registrations are valid, in full force and effect, unrevoked and uncanceled.

65.    As alleged above, these infringing articles have not been authorized in any manner by Plaintiff, nor has Defendant ever been authorized or otherwise granted the right to use, offer for sale, sell, or distribute software for photo and video enhancement according to the '121 Patent.

66.     On information and belief, Defendant's actions relating to the development, offer for sale, and sale of the accused infringing product were done by and for the benefit of Defendant.

67.     As a result of its infringement of the '121 patent, Defendant has damaged and continues to damage Plaintiff. Defendant has derived and received gains, profits, and advantages from the aforesaid acts of infringement, and Plaintiff has lost profits and has otherwise been damaged.  Defendant is liable to Plaintiff in an amount to be determined at trial that adequately compensates Plaintiff for Defendant's infringement of the '121 patent, which by law can be no less than a reasonable royalty.

68.     Plaintiff seeks a judgment that Defendant directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '121 patent by the development, offer for sale, and sale of the accused infringing product in the United States.

69.     Upon information and belief, Defendant has continued its infringement despite notice and offers to license, making such infringement willful, making this an exceptional case under 35 U.S.C. § 285 and entitling Plaintiff to attorney's fees under 35 U.S.C. § 285 and treble damages under 35 U.S.C. § 284.

70.     The harm to Plaintiff resulting from Defendant's infringing acts is irreparable, continuing, not fully compensable by money damages, and will continue unless permanently enjoined by this Court.

## COUNT IV: TEMPORARY INJUNCTION

71.     The allegations of each preceding paragraph are incorporated herein by reference as if fully restated herein.

72.     AIIA is entitled to a preliminary injunction pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65. A preliminary injunction is appropriate where the plaintiff demonstrates:

      A.     A likelihood of success on the merits;

      B.     A likelihood of irreparable harm in the absence of preliminary relief;

      C.     That the balance of equities favors the plaintiff; and

      D.     That an injunction serves the public interest.

*See eBay Inc. v. MercExchange*, 547 U.S. 388, 391 (2006); *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202 (Fed. Cir. 2017); *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 926–30 (Fed. Cir. 2012).

73.     Based on the specific facts alleged above regarding AIIA's patent rights, competitive position, and Defendant's conduct, AIIA satisfies each element required for a preliminary injunction:

74.     Defendant's software products directly infringe the Asserted Patents by implementing the claimed methods. Defendant also indirectly infringes through inducement and contributory infringement, as evidenced by its promotional materials

and customer support. The Asserted Patents are presumed valid, and no substantial question of invalidity has been raised.

75.     AIIA faces concrete and irreparable harm from Defendant's continued use of the patented technologies, including lost licensing opportunities, erosion of market share, and diminished reputation in the AI imaging market. The relationship-driven nature of this market means these losses cannot be adequately quantified or remedied through monetary damages alone.

76.     The balance of hardships favors AIIA. While Defendant would only need to temporarily suspend specific infringing features, AIIA continues to suffer permanent and irreversible damage to its core market position and licensing model. Defendant has the resources and technical capabilities to pursue non-infringing alternatives.

77.     The public interest strongly favors injunctive relief because protecting valid patents in the AI imaging sector encourages innovation and ensures continued investment in technologies that benefit consumers. The requested injunction would not disrupt customer access, as alternative non-infringing products remain available.

78.     Pursuant to Fed. R. Civ. P. 65(d), AIIA respectfully requests that the Court enter a preliminary injunction enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them, from engaging in the following acts during the pendency of this action:

79.    Manufacturing, marketing, distributing, selling, or licensing the accused software products, or any product not more than colorably different from them, that incorporates the infringing features;

80.    Encouraging, instructing, or enabling customers to use the accused software in a manner that practices the patented methods;

81.    Publishing documentation or promotional materials that depict or endorse the use of the accused features.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands judgment, an award of equitable relief, and monetary relief against Defendants as follows:

A.    Enter judgment that Defendant has infringed one or more claims of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

B.    Enter a temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 284, 17 U.S.C.§ 502(a), and Fed. R. Civ. P. 65, enjoining Defendant, its officers, agents, employees, and all persons acting in concert with them, from continued infringement of the Asserted Patents through the manufacture, marketing, distribution, or support of the accused software or any product not more than colorably different. Plaintiff has begun to suffer irreparable harm, including loss of market position, erosion of customer relationships, and diminished licensing opportunities in the imaging software sector. Plaintiff asserts that these

harms cannot be adequately remedied by monetary damages and are likely to continue absent injunctive relief, warranting equitable intervention;

C.  Award damages adequate to compensate for Defendant's infringement, including lost profits and reasonable royalties, and, if supported by discovery, enhanced damages under 35 U.S.C. § 284. Plaintiff believes Defendant received pre-suit notice of the Asserted Patents and continued infringing conduct thereafter. Plaintiff further alleges, on information and belief, that Defendant copied features of the patented technologies despite knowing of the patents and failed to implement available non-infringing alternatives. Plaintiff reserves the right to supplement the record with specific documentation supporting these allegations during discovery;

D.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, associated ecommerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of Plaintiff's patents.

E.  Entry of an Order pursuant to 28 U.S.C. § 1651(a), and the Court's inherent authority, that upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any name, address and e-mail address known to be associated with Defendant's Seller IDs.

F.  Entry of an order that, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

G.  Entry of an Order requiring Defendant to account and pay Plaintiff for all profits and damages resulting from Defendant's copyright infringements, together with appropriate interest thereon; that Defendant be required to account to Plaintiff for, and disgorge to

Plaintiff, and to pay to Plaintiff, all the gains, profits, savings and advantages realized by Defendant from their acts of infringement described above; or, at Plaintiff's election, that Plaintiff be awarded statutory damages from Defendant for all infringements involved with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.

H.    Entry of a judgement and award of Defendant's total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289;

I.    Entry of a judgment and award of Defendant's total profits in an amount subject to proof at trial, pursuant to 35 U.S.C. § 289.

J.    Award pre- and post-judgment interest as permitted by law;

K.    Entry of an Order finding this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its costs, expenses, and disbursements incurred in this action, including reasonable attorney's fees as available by law to be paid by Defendant;

L.    Award damages of at least $100 million for Defendant's infringement, including lost profits and reasonable royalties, pursuant to 35 U.S.C. § 284;

M.    Entry of an award of prejudgment interest on the judgment amount; and

N.    Grant such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury on all issues so triable.

Dated: September 10, 2025

By: <u>/s/ Michael G. Newell</u>
   Michael G. Newell
   N.C. Bar No. 39944
   225 Ray Avenue, Suite 200
   Fayetteville, NC 28301
   mnewell@globalgrowth.com
   (336) 355-6897
   *Attorneys for Plaintiff*
   *Admission Pro Hac Vice Pending*